THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH DEBLASIO, Appellant.—

Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HUBERT DELANCEY, Appellant.—

No opinion. Christ, P. J., Rabin, Munder and Martuscello, JJ., concur; Hopkins, J. dissents and votes to reverse the judgment and order and to order a new trial, with the following memorandum: In this capital case, after the People had proved a prima facie case, both sides had rested and defendant had pleaded guilty to manslaughter in the second degree, his assigned counsel was relieved and in his place another was appointed. When defendant was arraigned for judgment, a motion made by him to withdraw his plea was pending. Notwithstanding that his substituted counsel informed the court that he did not like the defendant, did not want to represent him, and that his representation would be affected by his attitude towards the defendant, the court, over defendant's protests, refused to discharge him. In my opinion, defendant was thus denied his constitutional right to counsel. Further, the judgment must fall because defendant's due process right to a fair hearing was denied by the Justice presiding at the hearing held on defendant's motion to withdraw his plea (Code Crim. Pro., § 337). Reversible errors were committed by prohibiting defendant from introducing pre-plea evidence of his efforts to discharge his first assigned counsel, by barring defendant from showing the specific nature of that attorney's representation of him at the trial, by refusing to receive from defendant testimony of his innocence, by preventing him from inquiring into any post-plea conversation between the trial court and his first assigned counsel, and by refusing to consider the minutes of prior plea discussions and the minutes of the severed trial of his codefendant at which the defendant herein had testified.